IN RE INTEREST OF TABATHA R., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLEE, V. RONDA R., APPELLANT, RONALD D., APPELLEE AND CROSS-APPELLANT, AND NEBRASKA DEPARTMENT OF SOCIAL SERVICES, INTERESTED PARTY, APPELLEE.

566 N.W.2d 782

Filed July 25, 1997.   No. S-96-552.

A. Michael Bianchi for appellant.

Regina T. Makaitis for appellee State.

Dean M. Johnson for appellee Ronald D.

Don Stenberg, Attorney General; Royce N. Harper; and Douglas D Dexter, Special Assistant Attorney General, for appellee Nebraska Department of Social Services.

Thomas M. Kenney, Douglas County Public Defender, and Ann C. Holtz, guardian ad litem for Tabatha R.

V. Gene Summerlin, of Gelt, Fleishman, Sterling & Ogborn, P.C., and James Bopp, Jr., Thomas J. Marzen, Daniel Avila, and Jane E.T. Brockmann, of National Legal Center for the Medically Dependent and Disabled, Inc., for amicus curiae Scholl Institute of Bioethics.

Carr E. Heaney, Jr., of Kennedy, Holland, DeLacy & Svoboda, for amicus curiae Creighton-Saint Joseph Regional Healthcare System, L.L.C., doing business as Saint Joseph Hospital.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

PER CURIAM.

This case is now before the court on the motion of the appellee State of Nebraska for rehearing calling to our attention that our opinion reported at *In re Interest of Tabatha R., ante* p. 687, 567 N.W.2d 598 (1997), suggests but does not expressly rule that the juvenile court correctly adjudged the infant girl, Tabatha R., to be within its jurisdiction under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1993) as a juvenile lacking proper parental care by reason of the fault or habits of her parents.

We overrule the motion and substitute for the present language following the heading "Conclusion" the following language:

> For the foregoing reasons, we affirm the judgment of the juvenile court that notice, service, and jurisdiction were proper and that Tabatha R. is a juvenile within the meaning of § 43-247(3)(a); but we reverse the remainder of the judgment of the juvenile court and remand the cause for further proceedings consistent with this opinion.

We also substitute for the present language of the holding the following language: "AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS."

MOTION FOR REHEARING OVERRULED.